# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MAXUM INDEMNITY COMPANY**                                                      **PLAINTIFF**

**V.**                                                       **CAUSE NO. 3:14-CV-794-CWR-LRA**

**RISHI HOSPITALITY, LLC, ET AL.**                                              **DEFENDANTS**

## ORDER

Federal courts have a "duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007).

Pursuant to that duty, the Court issued a series of Orders directing defendant G6 Hospitality Franchising, LLC to clarify its residency. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). G6 eventually submitted an affidavit from Diane Stafford, its Vice President of Legal and Assistant Secretary, who stated that G6 is owned by a long chain of LLCs. Counted among the owners of the last LLC in that chain are "multiple limited partnerships," she said. And "one or more of the partners in one or more of the limited partnerships that own the last limited liability company are Delaware corporations." Under *Harvey*, therefore, G6 is deemed to be a resident of Delaware, among other places.

Plaintiff Maxum Indemnity Company is also a resident of Delaware. Maxum and G6's overlapping residency means complete diversity is lacking. As a result, the Court does not have subject matter jurisdiction.

Maxum was aggrieved at the possibility that it filed suit in a court which lacks jurisdiction.[1] It requested that the LLC ownership chain be established via supplemental

---

[1] Maxum later doubled down on jurisdiction when it opposed an abstention motion filed by the underlying plaintiffs. *See* Docket No. 25. Still, all parties to this action share responsibility for the jurisdictional defect—everyone litigated here for more than two years under a mistaken assumption. Perhaps the only consolation is that the issue was resolved here, and not on appeal, after more time and money would have been lost. That does not make it any

affidavit, interrogatory responses, or a telephonic deposition of the general counsel. G6 opposed the requests. Multiple lengthy status conferences were held as all attempted to work through the questions; namely, how much evidence was necessary to determine jurisdiction, and how that evidence could be tested.

"As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery. A plaintiff is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quotation marks and citations omitted).

The undersigned fundamentally believes that Maxum has a right to test G6's affidavit. Over hours of discussion, though, Maxum never identified how the supplemental evidence it wanted could have been tested. Even if G6's corporate counsel diagrammed the company's ownership structure in detail, Maxum would not be able to prove or disprove the links in the chain to assure itself that there was no subject matter jurisdiction. Discovery is therefore denied.

Should developments in state court reveal the proper parties to be completely diverse, removal may be warranted. The necessity and propriety of any such discovery is reserved to the sound discretion of the state court.

This case is dismissed for lack of subject matter jurisdiction. A separate Final Judgment shall issue.

**SO ORDERED**, this the 2nd day of February, 2017.

                                        s/ Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE

---

easier to start over in state court as it likely delays final resolution. However, a state court may determine that truly "starting over" is unnecessary because of the substantial work which has been accomplished in the case.